GUNDERSON LAW FIRM
Mark H. Gunderson, Esq.
Nevada State Bar No. 2134
mgunderson@gundersonlaw.com
Austin K. Sweet, Esq.
Nevada State Bar No. 11725
asweet@gundersonlaw.com
3895 Warren Way
Reno, Nevada 89509
Telephone: 775.829.1222
Facsimile: 775.829.1226
*Attorneys for Minerva Office Management, Inc. and Robert L. Leberman*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KPG INVESTMENTS INC., a Nevada corporation; KENDALLE GETTY, an individual, <br><br> Plaintiffs, <br> v. <br><br> MARLENA SONN, an individual; AND DOES 1-20, <br><br> Defendant. | Case No.: <br> 3:22-cv-00236-ART-CLB |
| MARLENA SONN, <br><br> Plaintiff, <br> v. <br><br> KENDALLE P. GETTY, as Trustee of the Pleiades Trust and as an individual, KPG INVESTMENTS, INC., as Trustee of the Pleiades Trust, ALEXANDRA SARAH GETTY, as Trustee of the Pleiades Trust and as an individual, ASG INVESTMENTS, INC., as Trustee of the Pleiades Trust, MINERVA OFFICE MANAGEMENT, INC., and ROBERT L. LEBERMAN, <br><br> Defendants. | Consolidated with: <br> 3:22-cv-00323-ART-CLB <br><br> **MINERVA AND LEBERMAN'S RENEWED MOTION TO DISMISS** |

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-1-

Defendants MINERVA OFFICE MANAGEMENT, INC. ("Minerva"), and ROBERT L. LEBERMAN ("Leberman"), by and through their counsel of record, Mark H. Gunderson, Esq. and Austin K. Sweet, Esq., submit this Motion to Dismiss ("Motion") the *Complaint* ("Complaint") filed by Plaintiff MARLENA SONN ("Sonn") on May 11, 2022, originally in the United States District Court for the Eastern District of New York, Case No. 2:22-cv-01137-APG-BNW, which was subsequently transferred to this Court and consolidated into this action pursuant to this Court's July 27, 2022, *Order* [Doc. 16]. This Motion is made and based upon FRCP 12, the following memorandum of points and authorities, the pleadings on file in this case, and any oral argument this court wishes to entertain.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case arises out of a disgruntled former employee's efforts to retroactively extract additional compensations from her prior employers. Sonn was employed by KPG INVESTMENTS INC. ("KPG Investments") and ASG INVESTMENTS, INC. ("ASG Investments") for several years and was well-compensated for her services. However, according to her *Complaint*, in 2021 Sonn believed that she had performed her job exceptionally well and should therefore be given a $5,000,000.00 bonus ($2,500,000.00 each from KPG Investments and ASG Investments) "in recognition of her past performance." Critically, Sonn does not allege that KPG Investments or ASG Investments ever failed to pay any of the wages or compensation they had agreed upon during the course of Sonn's employment; rather, Sonn essentially complains that she should have asked for a raise several years earlier and that she should now be retroactively compensated for the raise she never requested and was never given.

Sonn also generally alleges that the reason why ASG Investments and KPG Investments fired her and refuse to pay her a retroactive $5,000,000.00 bonus "in recognition of her past performance" is that Minerva and/or Leberman turned Kendalle P. Getty and Alexandra Sarah Getty against Sonn because Sonn objected to what Sonn considered to be an "unlawful tax avoidance scheme that [Leberman] devised and/or implemented." Sonn's *Complaint* fails to state a claim upon which relief can be granted against Minerva and Leberman. Neither Minerva nor Leberman ever employed Sonn.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-2-

There is not a single allegation of fact that Minerva or Leberman did or said anything to Alexandra Sarah Getty or Kendalle P. Getty to cause them each, and at different times, to terminate Sonn's employment. There is not a single allegation of fact that Sonn wrote to or said to Minerva or Leberman that the Getty trusts' complex structure was an "unlawful" or "fraudulent" tax avoidance scheme.[1] Sonn is looking for a scapegoat and wrongfully pins her own failures on Minerva and Leberman.

Sonn's *Complaint* seeks desperately to rewrite a simple story: Sonn was fired by two corporations and their principals because they lost trust in her. Sonn has only herself to blame for these justifiable terminations. Minerva and Leberman did not cause either of those terminations. There is simply no legal or factual basis for Sonn's claims against Minerva and Leberman. Sonn's claims against Minerva and Leberman should be dismissed.

## II.     SUMMARY OF RELEVANT ALLEGATIONS

The following is a summary of the facts alleged in the *Complaint* that are relevant to this Motion. Although many of these allegations are disputed, they are accepted as true for the purposes of this Motion. Williams ex. Rel. Tabiu v. Gerber Products Co., 523 F.3d 934, 937 (9th Cir. 1993).

KPG Investments is a Nevada-based corporation. *Complaint* ¶ 26. ASG Investments is also a Nevada-based corporation. Id.

On October 15, 2014, Sonn became an employee of ASG Investments. *Complaint* ¶ 39. It was agreed that Sonn would be paid an annual base salary of $80,000.00, which would be reviewed annually and adjusted by the payment of a bonus, the amount of which, if any, would be left to Alexandra Sarah Getty's sole discretion. Id. Sonn also continued to serve as Alexandra Sarah Getty's personal financial advisor, for which she was compensated through the standard 1% fee of Alexandra Sarah Getty's personal assets under Sonn's management. Id. ¶ 46.

On November 1, 2015, Sonn became an employee of KPG Investments. *Complaint* ¶ 42. It was agreed that Sonn would receive an annual base salary of $100,000.00 from KPG Investments, together with discretionary bonus payments in an amount to be determined by Kendalle P. Getty. Id.

---

[1] Indeed, as Sonn acknowledges in her *Complaint*, the Getty trusts' complex structure is no secret to any of the state or federal tax agencies: every piece of this complex structure has been heavily scrutinized and consistently approved by the most sophisticated tax regulators and tax advisors available for nearly 50 years.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-3-

Sonn also continued to serve as Kendalle P. Getty's personal financial advisor, for which she was compensated through the standard 1% fee of Kendalle P. Getty's personal assets under Sonn's management. Id. ¶ 46.

Despite living in New York, Sonn was treated as a Nevada employee, with ASG Investments and KPG Investments not withholding New York State taxes or making any of the other applicable employer contributions required by New York State law. *Complaint* ¶ 44. Sonn alleges that this occurred because Minerva wanted to avoid the appearance of conducting any business outside of Nevada. Id. From the very beginning of her time working for ASG Investments and KPG Investments, Sonn was repeatedly advised about the importance of maintaining the appearance that Alexandra Sarah Getty and Kendalle P. Getty were neither residing in, nor conducting trust business, in the State of California. Id. ¶ 69. Throughout the course of her employment with ASG Investments and KPG Investments, one of Sonn's roles was to ensure that all business related to the administration of the trust was kept out of California, and to keep Alexandra Sarah Getty's and Kendalle P. Getty's residency status outside of California, wherever possible. Id. ¶ 76. During her employment, Sonn performed substantially all of her work from her office and/or residence in New York. Id. ¶ 141.

In or around mid-2017, Alexandra Sarah Getty and Kendalle P. Getty both separately agreed to provide Sonn with a deferred compensation incentive equal to 0.00375% of the aggregate after-tax amount of any distributions they received from the Pleiades Trust, payable in two installments following the death of their father. *Complaint* ¶ 61. These deferred compensation incentives were memorialized in an agreement with ASG Investments on October 20, 2017, and in a separate agreement with KPG Investments on November 11, 2017. Id. ¶ 64. Such payments were conditioned upon Sonn's continued employment as of the time that Alexandra Sarah Getty and Kendalle P. Getty actually received distributions from the Pleiades Trust. Id. ¶ 117.

On or about January 27, 2021, Sonn was terminated from ASG Investments. *Complaint* ¶ 99. Sonn and Alexandra Sarah Getty agreed to a severance package that would include a payment of $2,500,000.00 to Sonn, representing approximately 0.0025% of the aggregate pre-tax value of the

///

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-4-

entire Pleiades Trust.² Id. ¶ 104. This amount was compensation for what Sonn believes to be the value of her service as an employee of ASG Investments from October 15, 2014, through January 27, 2021. Id. ¶ 110. Sonn describes this amount "as fair compensation for her outstanding past performance as Vice President of ASG Investments…." Id. ¶ 147. On February 2, 2021, Sonn was terminated as Alexandra Sarah Getty's personal financial advisor as well. Id. ¶ 106.

Sonn subsequently approached Kendalle P. Getty about her compensation structure, and Kendalle P. Getty agreed to pay Sonn a bonus in the amount of $2,500,000.00. *Complaint* ¶¶ 112 – 115. This payment was offered "as 'earned' compensation for [Sonn's] outstanding past performance…." Id. ¶ 116. "[T]he $2.5 million bonus was in recognition of [Sonn's] past performance…." Id. ¶ 117. On November 30, 2021, Sonn was terminated from KPG Investments. Id. ¶ 127. On March 3, 2022, Sonn was terminated as Kendalle P. Getty's personal financial advisor as well. Id. ¶ 129.

### III. APPLICABLE LAW

A party may move to dismiss a pleading for failure to state a claim upon which relief can be granted under FRCP 12(b)(6). To survive dismissal, a plaintiff must allege a plausible claim for relief as judged by judicial experience and common sense. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). "Dismissal is proper where there is either a 'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F.Supp. 1297, 1304 (C.D. Cal. 1996) (quoting Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988)). In reviewing a plaintiff's complaint, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

"[F]actual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell

---

² The original deferred compensation incentive equaled 0.00375% of Alexandra Sarah Getty's 1/3 share of the Pleaides Trust, or 0.00125% of the total value of the Pleaides Trust, *after* tax, and *after* those sums were actually distributed to Alexandra Sarah Getty. *Complaint* ¶ 61. The new arrangement, according to Sonn, more than doubled the compensation she was owed to 0.0025% of the total value of the Pleaides Trust, *pre* tax, and *before* those sums were actually distributed to Alexandra Sarah Getty.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-5-

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007).  To "state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory" - in other words, enough facts to state a claim that is facially plausible.  Id. at 568.  "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949 (internal quotation marks and citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. The conclusory nature of allegations "disentitles them to the presumption of truth." Id. at 1951.

Additionally, a plaintiff can plead itself out of a claim by including factual allegations contrary to the factual elements of his claims or contradicted by documents referred to in the complaint. Sprewell v. Golden State llarriors,266 F3d 979,988 (9th Cir. 2001); see also Steclvnan v, Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."); Soo Line R.R. v. St. Louis Southwestern Ry., Co.,125 F.3d 481, 483 (7th Cir. 1997) ("A plaintiff can plead itself out of court by alleging facts which show that it has no claim, even though it was not required to allege those facts.").

**IV.    ARGUMENT**

Sonn alleges three (3) claims against Minerva and Leberman.  Each of these claims should be dismissed.

    ***A.    Count 1 – Unlawful Retaliation in Violation of Cal. Lab. Code § 1102.5***

In Count 1, Sonn alleges that Minerva and Leberman engaged in unlawful retaliation in violation of California law. *Complaint* ¶¶ 137 – 145.  Sonn fails to state a claim upon which relief can be granted against Minerva or Leberman in this regard because California law does not apply and, even if it did, neither Minerva nor Leberman ever employed Sonn.[3]

///

///

---

[3] The Court may take judicial notice of the complaint in the joined action (KPG Investments v. Sonn) in which the subject contract with KPG Investments states that Nevada law applies to all matters relating to the employment of Sonn.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-6-

*i.     Summary of California law*

California Labor Code § 1102.5(b) provides, in relevant part, that "an employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information … to a person with authority over the employee … if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute…." California Labor Code § 1102.5(c) prohibits an employer, or any person acting on behalf of the employer, from retaliating against an employee for refusing to participate in an activity that would result in a violation of state or federal statute…."

To establish a prima facie case of whistleblower retaliation under California law, a plaintiff must show that she engaged in protected activity, that she was thereafter subjected to adverse employment action by her employer, and there was a causal link between the two. Robles v. Agreserves, Inc., 158 F. Supp. 3d 952 (E.D. Cal. 2016). Whistleblower retaliation claims under California Labor Code § 1102.5 "may only be brought against an employer." Minor v. Fedex Off. & Print Servs., Inc., 182 F. Supp. 3d 966, 989 (N.D. Cal. 2016).

*ii.     California law does not apply to this dispute.*

California Labor Code § 1102.5 does not apply to this dispute because Sonn's employment with ASG Investments and KPG Investments was not governed by California law. Sonn's employers were ASG Investments [*Complaint* ¶ 39] and KPG Investments [*Complaint* ¶ 42]. Both ASG Investments and KPG Investments are Nevada-based corporations. Id. ¶ 26. During her employment, Sonn performed substantially all of her work from her office and/or residence in New York. Id. ¶ 141. However, Sonn was treated as a Nevada employee. Id. ¶ 44. Sonn alleges that she was repeatedly advised about the importance of not conducting business in California. Id. ¶ 69. In fact, Sonn alleges that one of her roles was to ensure that all business related to the administration of the trust was kept out of California, and to keep Alexandra Sarah Getty's and Kendalle P. Getty's residency status outside of California, wherever possible. Id. ¶ 76.

Despite citing California law as the basis for her first claim for relief, Sonn does not even allege that California law ever applied to her employment. Incredibly, Sonn's allegations amount to an admission that Sonn engaged in the very tax fraud she accuses the Getty family of committing –

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-7-

Sonn claims that California law applies to her employment, but Sonn also admits that she did not pay California income taxes on her earnings; if anything, she paid New York income taxes on her earnings. *Complaint* ¶ 44. Sonn utterly fails to reconcile her allegations that she was employed under California law with her allegations that she conducted most of her work in New York and paid taxes in New York.

There is simply no legal or factual basis in Sonn's *Complaint* to conclude that California law applies to Sonn's employment or this dispute.

### iii.   Neither Minerva nor Leberman employed Sonn

Even if California law somehow does apply, whistleblower retaliation claims under California Labor Code § 1102.5 may only be brought against an employer. Minor, supra. Again, Sonn's employers were ASG Investments [*Complaint* ¶ 39] and KPG Investments [*Complaint* ¶ 42]: neither Minerva nor Leberman ever employed Sonn.

Sonn has argued that California law provides that a whistleblower claim may be triggered by someone acting on behalf of the employer, which in this case was Minerva and/or Leberman. However, while Labor Code § 1102.5 does provide that a "person acting on behalf of the employer" may cause the employer to violate Section 1102.5, the retaliation claim nonetheless may only be brought against the employer. Minor, supra. There is no factual or legal basis to support an argument that a whistleblower retaliation claim under California Labor Code § 1102.5 may be brought individually against a "person acting on behalf of the employer."

Sonn's Count 1 against Minerva and Leberman has no foundation in fact or law. Even accepting all factual allegations in Sonn's *Complaint* as true, Sonn fails to state a claim upon which relief can be granted against Minerva or Leberman. Count 1 should be dismissed.

### B.   Count 6 – Unjust Enrichment

In Count 6, Sonn alleges that Minerva and Leberman have been unjustly enriched by "accepting Ms. Sonn's profitable investment strategies and other services without fair compensation." *Complaint* ¶ 165. Sonn alleges that Minerva specifically has been unjustly enriched because "Minerva benefited as the administration office of the Pleiades Trust, receiving fees and other payments." Id. ¶ 165(c). Sonn alleges that Leberman specifically has been unjustly enriched because

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

"Leberman benefited as President of Minerva and as Trust Administrator of the Pleiades Trust, receiving fees and other payments." Id. ¶ 165(d).

To prevail on a claim for unjust enrichment, Sonn must prove that: (1) Sonn conferred a benefit on Minerva and/or Leberman; (2) Minerva and/or Leberman appreciated such benefit; and (3) there is acceptance and retention by Minerva and/or Leberman of such benefit under circumstances such that it would be inequitable for them to retain the benefit without payment of the value thereof. Korte Constr. Co. v. State on Rel. of Bd. of Regents of Nevada Sys. of Higher Educ., 137 Nev. 378, 381, 492 P.3d 540, 543 (2021). Sonn fails to state any of the elements upon which a claim for relief can be granted against Minerva or Leberman in this regard.

Sonn's *Complaint* does not allege a single fact to support the claim that Sonn conferred a benefit on Minerva or Leberman. In her *Complaint*, Sonn simply alleges that she provided services to ASG Investments and KPG Investments, which in turn benefitted the Pleiades Trust, and that Minerva and Leberman also provide services to the Pleiades Trust. *Complaint* ¶ 165. Sonn does not allege that she ever worked for Minerva or Leberman, provided services to Minerva or Leberman, or took any action on Minerva's or Leberman's behalf or to Minerva's or Leberman's benefit.

Minerva and Leberman did not benefit, and are not alleged to have benefited, from the "profitable investment strategies and other services" Sonn claims to have indirectly provided to the Pleiades Trust. There is simply no alleged connection whatsoever between the services Sonn performed and the compensation that Minerva and Leberman received for the services they performed. For example, there is no allegation that the fees or compensation to Minerva or Leberman increased because of any services rendered by Sonn. Indeed, there is no allegation that the fees or compensation to Minerva or Leberman are tied to changes in the value of the Pleiades Trust. Without such facts, there is no causal connection between Sonn's services and the fees earned by Minerva or Leberman.

Further, the allegation that the market value of the Pleiades Trust increased is irrelevant. First, Sonn does not – indeed cannot – allege that her services were the proximate cause for any increase in the market value of the investments of the Pleiades Trust. Second, it is self-evident that numerous market factors affect the investments of the Pleiades Trust, all of which are beyond the control of any

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-9-

one person. Third, Sonn's claim that she, and she alone, personally enriched Minerva and Leberman strains credibility. The *Complaint* is devoid of any factual allegation to support any such claim.

Sonn's Count 6 against Minerva and Leberman has no foundation in fact or law. Even accepting all factual allegations in Sonn's *Complaint* as true, Sonn fails to state a claim upon which relief can be granted against Minerva or Leberman. Count 6 should be dismissed.

### C. Count 7 – Tortious interference, Willful Misfeasance and Bad Faith

In Count 7, Sonn alleges that "the termination of Ms. Sonn's employment with ASG and KPG Investments and the subsequent withholding of amounts due to her as earned compensation were the direct and/or proximate result of [Minerva and Leberman]'s willful misfeasance and retaliatory bad faith actions directed at Ms. Sonn for expressing objection to and resisting against the unlawful tax avoidance scheme that he devised and/or implemented." *Complaint* ¶ 168. "Tortious interference," "willful misfeasance," "bad faith," and "retaliatory bad faith actions" are not independent legal claims for relief under Nevada law. Thus, the only cognizable claim contained in Count 7 is a claim for intentional interference with contractual relations. However, as to this cognizable claim, Sonn fails to state a claim upon which relief can be granted against Minerva or Leberman.

In an action for intentional interference with contractual relations, a plaintiff must establish: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage. J.J. Indus., LLC v. Bennett, 119 Nev. 269, 274, 71 P.3d 1264, 1267 (2003). "[M]ere knowledge of the contract is insufficient to establish that the defendant intended or designed to disrupt the plaintiff's contractual relationship; instead, the plaintiff must demonstrate that the defendant intended to induce the other party to breach the contract with the plaintiff." Id. Sonn alleges that ASG Investments breached a contract to "make a severance payment in the amount of $2.5 million to Ms. Sonn, as fair compensation for her outstanding past performance as Vice President of ASG Investments" [*Complaint* ¶ 147], and that KPG Investments breached a contract "to pay an 'Incentive Award' in the amount of $2.5 million to Ms. Sonn, as compensation for her outstanding performance as Vice President of KPG Investments." *Complaint* ¶ 155. Sonn's intentional interference claim cannot survive dismissal because these are not valid contracts.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-10-

### i. Past benefit is not adequate consideration.

Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration. <u>May v. Anderson</u>, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). "A benefit conferred … in the past is not adequate consideration for a present bargain." <u>Clark Cnty. v. Bonanza No. 1</u>, 96 Nev. 643, 650, 615 P.2d 939, 943 (1980).

The entire basis for Sonn's claim for additional compensation is "in recognition of her past performance." *Complaint* ¶¶ 110, 116, 117, and 147. It is well-established and fundamental contract law that past consideration is not consideration. <u>Clark Cnty.</u>, <u>supra.</u> Thus, even accepting all factual allegations in Sonn's *Complaint* as true, Sonn does not have a valid and enforceable contract to receive a *post hoc* bonus from ASG Investments or KPG Investments. Therefore, neither Minerva nor Leberman can be held liable for "tortious interference" with such unenforceable contracts as a matter of law.

Sonn has previously argued that past consideration is sufficient in this instance because, under the Restatement (Second) of Contracts § 86, "A promise made in recognition of a benefit previously received by the promisor from the promise is binding to the extent necessary to prevent injustice." However, § 86 of the Restatement (Second) of Contracts has not been adopted in Nevada. Under well-settled Nevada law, past consideration is not consideration. <u>Clark Cnty.</u>, <u>supra</u>. Binding Nevada precedent prevails over an unadopted section of the restatement.

Regardless, even if § 86 of the Restatement (Second) of Contracts applied in Nevada (which it does not), Sonn's *Complaint* contains no plausible allegation that her $2,500,000.00 *post hoc* bonus is "necessary to prevent injustice." On the contrary, the *Complaint* plainly establishes that Sonn was well-compensated for her services; Sonn was paid an annual base salary of $180,000.00 per year, plus the standard 1% fee of assets under management, plus discretionary annual bonuses. *Complaint* ¶¶ 39, 42, & 46. Sonn's suggestion that awarding her an additional $5,000,000.00 *post hoc* bonus is "necessary to prevent injustice" strains plausibility and common sense. This Court need not accept such implausible, conclusory allegations as true. <u>Iqbal</u>, <u>supra</u>, 129 S. Ct. at 1950.

///

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

### ii. ASG Investments terminated Sonn's employment on advice of counsel.

In addition, to properly set forth a claim for intentional interference, Sonn must allege facts which, if true, would establish that Minerva and Leberman's alleged interference actually disrupted the contract. J.J. Indus., supra. Sonn's *Complaint* alleges that ASG Investments and its principal acted on the advice of legal counsel in terminating Sonn's employment and acting upon Sonn's request for deferred compensation. *Complaint* ¶ 110. That allegation conclusively defeats the claim that Minerva or Leberman tortiously interfered with Sonn's contract. Therefore, even if a valid contract existed (which it did not), and even if that contract was disrupted (which it was not), the disruption occurred after consultation with legal counsel, which constitutes a superseding cause defeating the allegation that Minerva or Leberman proximately caused the disruption.

There is no allegation that Minerva or Leberman took any action or otherwise caused the "disruption" of Sonn's "contract" after ASG Investments had the benefit of counsel's advice. ASG Investments' decision, taken with the advice of counsel, severs the chain of proximate causation and negates any attribution of causation to Minerva or Leberman. Thus, even accepting the allegations of the *Complaint*, neither Minerva nor Leberman caused ASG Investments to breach any contract with Sonn.

### iii. KPG Investments terminated Sonn's employment on advice of counsel.

Sonn's *Complaint* alleges that KPG Investments and its principal consulted with legal counsel, Jennifer Brown, regarding the 'incentive agreement" and that the letter of termination of employment followed promptly thereafter. *Complaint* ¶¶ 126, 127. Here again, the allegation of consultation with counsel, right before issuance of the letter of termination, conclusively defeats the claim that Minerva or Leberman tortiously interfered with Sonn's contract.

Sonn's Count 7 against Minerva and Leberman has no foundation in fact or law. Even accepting all factual allegations in Sonn's *Complaint* as true, Sonn fails to state a claim upon which relief can be granted against Minerva or Leberman. Count 7 should be dismissed.

///

///

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-12-

## V. CONCLUSION

The entirety of Sonn's claims in this action simply have no basis in Nevada law. No employee, including Sonn, is entitled to a post-termination bonus "in recognition of her past performance." Sonn negotiated payment terms during her employment and received all compensation she was due. Sonn's claims against Minerva and Leberman cannot survive dismissal and cannot be cured. Minerva and Leberman should be dismissed from this action.

The Motion should be granted.

DATED this 29th day of April, 2024.

GUNDERSON LAW FIRM

   /s/ Austin Sweet
Mark H. Gunderson, Esq.
Nevada State Bar No. 2134
Austin K. Sweet, Esq.
Nevada State Bar No. 11725
*Attorneys for Minerva Office Management,
Inc. and Robert L. Leberman*

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-13-

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the law office of GUNDERSON LAW FIRM, and on the 29th day of April, 2024 I electronically filed the **MINERVA AND LEBERMAN'S RENEWED MOTION TO DISMISS** and a copy will be electronically mailed by the United States District Court-District of Nevada through CM/ECF to the following:

Leigh T. Goddard, Esq.
MCDONALD CARANO LLP
100 W. Liberty St., Tenth Floor
P.O. Box 2670
Reno, NV 89501
lgoddard@mcdonaldcarano.com
wcornelius@mcdonaldcarano.com
*Attorneys for KPG Investments, Inc.
and Kendalle Getty*

Daniel I. Aquino, Esq.
MCDONALD CARANO LLP
2300 W. Sahara Avenue. Suite 1200
Las Vegas, NV 89102
daquino@mcdonaldcarano.com
ksurowiec@mcdonaldcarano.com
mcarter@mcdonaldcarano.com
cgerard@mcdonaldcarano.com
*Attorneys for KPG Investments, Inc.
and Kendalle Getty*

Alice Campos Mercado, Esq.
LEMONS, GRUNDY & EISENBERG
6005 Plumas Street, Suite 300
Reno, Nevada 89509
acm@lge.net
margien@lge.net
*Attorney for Alexandra Sarah Getty
and ASG Investments, Inc.*

Sonya Z. Mehta, Esq.
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, CA 94612
sonyamehta@siegelyee.com
*Attorney for Marlena Sonn*

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-14-

Ryan A. Hamilton, Esq.
HAMILTON LAW
5125 South Durango Drive
Las Vegas, NV 89113
Ryan@HamLegal.com
*Attorney for Marlena Sonn*

Ryan D. Derry, Esq.
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
ryanderry@paulhastings.com
alicebrown@paulhastings.com
*Attorney for Alexandra Sarah Getty
and ASG Investments, Inc.*

Pursuant to FRCP 5(b), I further certify that I am an employee of the law office of GUNDERSON LAW FIRM, and on the 29th day of April, 2024, I deposited for mailing in Reno, Nevada a true and correct copy of the foregoing **MINERVA AND LEBERMAN'S RENEWED MOTION TO DISMISS**, to the following:

Lisa E. Cleary, Esq.
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of Americas
New York, NY 10036
lecleary@pbwt.com
*Attorneys for KPG Investments, Inc.
and Kendalle Getty*

Matthew S. Aibel. Esq.
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
matthewaibel@paulhastings.com
*Attorney for Alexandra Sarah Getty
and ASG Investments, Inc*

                                                  */s/ Kelly Gunderson*
                                                  Kelly Gunderson

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

-15-